UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOLOMONA RICKY PATU,

                  Plaintiff,

     v.

CULLUM, et al.,

                  Defendant.

CASE NO. 2:22-CV-738-TSZ-DWC

REPORT AND RECOMMENDATION

Noting Date: July 29, 2022

The District Court has referred this action to United States Magistrate Judge David W. Christel. Plaintiff has filed a proposed 42 U.S.C. § 1983 complaint and a motion to proceed *in forma pauperis* ("IFP"). Dkt. 1. The Court concludes plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court recommends plaintiff's application to proceed IFP be denied and plaintiff be directed to pay the filing fee within 21 days of the adoption of this Report and Recommendation. The Court further recommends this matter be dismissed without prejudice if plaintiff fails to pay the filing fee.

## I. **BACKGROUND**

Plaintiff, a prisoner confined at the Monroe Correctional Complex-SOU ("MCC"), filed his proposed complaint and IFP application on May 27, 2022. Dkt. 1. Plaintiff alleges claims against three prison employees, asserting he was provided used clothing upon his arrival at MCC and staff did not properly respond to his grievances complaining about his clothing. Dkt. 1-1 at 4–6. Plaintiff contends he has suffered emotional distress and the burden of producing paperwork. *Id*. at 5.

## **II. DISCUSSION**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). The "three-strikes rule" contained in the PLRA states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court's records show plaintiff has filed a considerable number of lawsuits, including six this year. At least three of those prior matters, which were filed while plaintiff was incarcerated, have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Another court in this District recently found plaintiff has incurred at least three "strikes" and is ineligible for IFP status. *See Patu v. David*, No. 22-cv-532, Dkts. 4, 5. This Court agrees and finds the following prior dismissals constitute "strikes" pursuant to Section 1915(g):

- *Patu v. Allbert*, No. 14-cv-765-MJP, Dkts. 11, 13 (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim);

- *Patu v. Alexander*, No. 15-cv-5332-RJB, Dkts. 9, 13, 17 (case dismissed for failure to state a claim; court found the dismissal counted as a strike under Section § 1915(g));

- *Patu v. Albert*, No. 15-cv-722-RSM, Dkts. 11, 13 (case dismissed for failure to state a claim);

Because he has incurred three "strikes," plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on May 27, 2022. *See* 28 U.S.C. § 1915(g).

Plaintiff fails to make the required showing. Plaintiff's complaint alleges only that he received used, instead of new, clothing upon his arrival at MCC. Plaintiff makes no allegation of any risk of physical harm, alleging only that he suffered "emotional stress" and a "burden." Dkt. 1-1 at 5. These allegations fall far short of the required showing of imminent danger of serious physical injury.

Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $402.00 ($350.00 filing fee plus $52.00 administrative fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

### III. CONCLUSION

The Court recommends Plaintiff's IFP application (Dkt. 1) be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g). The Court further recommends plaintiff be required, within 21 days of the adoption of this order, to pay the $402.00 filing fee in order to proceed with his complaint, and that this case be dismissed without prejudice if he fails to do so.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 29, 2022, as noted in the caption.

Dated this 8th day of July, 2022.

David W. Christel
United States Magistrate Judge